LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

MIGUEL ANGEL CORONEL MARTINEZ
and JESSICA CAMARDA,
*on behalf of themselves, FLSA Collective Plaintiffs,
and the Class,*

                Plaintiffs,

      v.

AYKEN, INC. d/b/a AYHAN'S FISH KEBAB;
AYHAN'S SHISH-KEBAB OF BALDWIN, INC.;
d/b/a AYHAN'S MEDITERRANEAN RESTAURANT;
SHISH KEBAB SNACK BAR, INC. d/b/a AYHAN'S
MEDITERRANEAN RESTAURANT;
AYHAN'S SHISH-KEBAB INTERNATIONAL CORP.
 d/b/a AYHAN'S MEDITERRANEAN RESTAURANT;
GREAT NECK ASK, INC. d/b/a AYHAN'S
MEDITERRANEAN RESTAURANT;
CYPRUS GRILL, LLC d/b/a AYHAN'S
MEDITERRANEAN RESTAURANT;
293 MEDITERRANEAN MARKET CORP. d/b/a
AYHAN'S MEDITERRANEAN MARKETPLACE
AND CAFÉ;
AYHAN'S SHISH-KEBAB RESTAURANTS
OF ROCKVILLE CENTRE, INC. d/b/a AYHAN'S PITA
EXPRESS; AYHAN'S SHISH-KEBAB EXPRESS, INC.,
d/b/a AYHAN'S PITA EXPRESS; and AYHAN HASSAN,

        Defendants.

---

**CV 13-7411**

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

DEXTER, J.

TOMLINSON, M.J.

1

Plaintiffs MIGUEL ANGEL CORONEL MARTINEZ and JESSICA CAMARDA ("Plaintiffs"),
on behalf of themselves and others similarly situated, by and through their undersigned
attorneys, hereby file this Class and Collective Action Complaint against Defendants, AYKEN,
INC., d/b/a AYHAN'S FISH KEBAB; AYHAN'S SHISH-KEBAB OF BALDWIN, INC. d/b/a
AYHAN'S MEDITERRANEAN RESTAURANT; SHISH KEBAB SNACK BAR, INC. d/b/a
AYHAN'S MEDITERRANEAN RESTAURANT; AYHAN'S SHISH-KEBAB
INTERNATIONAL CORP., d/b/a AYHAN'S MEDITERRANEAN RESTAURANT; GREAT
NECK ASK, INC. d/b/a AYHAN'S MEDITERRANEAN RESTAURANT; CYPRUS GRILL,
LLC d/b/a AYHAN'S MEDITERRANEAN RESTAURANT; 293 MEDITERRANEAN
MARKET CORP. d/b/a AYHAN'S MEDITERRANEAN MARKETPLACE AND CAFÉ;
AYHAN'S SHISH-KEBAB RESTAURANTS OF ROCKVILLE CENTRE, INC. d/b/a
AYHAN'S PITA EXPRESS; AYHAN'S SHISH-KEBAB EXPRESS, INC., d/b/a AYHAN'S
PITA EXPRESS (collectively the "Corporate Defendants"), and AYHAN HASSAN
(individually "Hassan," and collectively with the Corporate Defendants, the "Defendants") and
state as follows:

**INTRODUCTION**

1.  Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.
§§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum
wages, (2) unpaid overtime, (3) liquidated damages, (4) compensation for tips illegally retained
by management and Defendants' illegal tip-pooling scheme and (5) attorneys' fees and costs.

2.  Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they
are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3)

statutory penalties, (4) liquidated damages, (5) compensation for tips illegally retained by management and Defendants' illegal tip-pooling scheme (6) compensation for unpaid spread-of-hours premiums, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.   (a) Plaintiff, MIGUEL ANGEL CORONEL MARTINEZ, for all relevant time periods, was a resident of Nassau County, New York.

(b) Plaintiff, JESSICA CAMARDA, for all relevant time periods, was a resident of Nassau County, New York.

6.   (a) AYKEN, INC. is a corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 283 MAIN ST. PORT WASHINGTON, NEW YORK 11050. Its principal place of business is located at 286 Main St., Port Washington, NY 11050.

(b) AYHAN'S SHISH-KEBAB OF BALDWIN, INC., is a corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 283 MAIN ST., PORT WASHINGTON, NEW YORK 11050. Its principal place of business is located at 550 Sunrise Highway, Baldwin, NY 11510.

(c) SHISH KEBAB SNACK BAR INC. is a corporation organized under the laws of the State of New York, with a principle executive office, an address for service of process, and

3

its principal place of business located at 283 MAIN ST., PORT WASHINGTON, NEW YORK 11050.

(d) AYHAN'S SHISH-KEBAB INTERNATIONAL CORP. is a corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 283 MAIN ST., PORT WASHINGTON, NEW YORK 11050. Its principal place of business is located at 379 S. Oyster Bay Road, Plainview, NY 11803.

(e) GREAT NECK ASK INC. is a corporation organized under the laws of the State of New York, with an address for service of process located at C/O BRUCE W. MIGATZ, ESQ., ALBANESE & ALBANESE LLP, 1050 FRANKLIN AVENUE, GARDEN CITY, NEW YORK 11530.  Its principal place of business is located at 132 Middle Neck Road, Great Neck, NY 11024.

(f) CYPRUS GRILL LLC is a company organized under the laws of the State of New York, with an address for service of process, located at 283 MAIN ST., PORT WASHINGTON, NEW YORK 11050.Its principal place of business is located at 477 Old Country Road, Westbury, NY 11510.

(g) 293 MEDITERRANEAN MARKET CORP. is a corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process, located 283 MAIN ST., PORT WASHINGTON, NEW YORK 11050. Its principal place of business is located at 293 Main St., Port Washington, New York 11050.

(h) AYHAN'S SHISH-KEBAB RESTAURANTS OF ROCKVILLE CENTRE, INC. is a corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 283 MAIN ST., PORT

4

WASHINGTON, NEW YORK 11050. Its principal place of business is located at 201 Sunrise Highway, Rockville Centre, NY 11570.

(i) AYHAN'S SHISH-KEBAB EXPRESS, INC. is a corporation organized under the laws of the State of New York, with a principal executive office and an address for service of process located at 283 MAIN ST., PORT WASHINGTON, NEW YORK 11050. Its principal place of business is located at 339 Newbridge Road, East Meadow, NY 11554.

7.   (a) AYHAN HASSAN is the Chief Executive Officer or principal of all Corporate Defendants.

(b) HASSAN exercised control over the terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class members. He exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.  He also exercised the power and authority to supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

8.   The Defendants operate a restaurant enterprise using the common trade name "Ayhan's." There are four lines of Ayhan's restaurants, with names and locations as follows:

(a) Ayhan's Shish Kebab Mediterranean Restaurant has five locations:

(i)   550 SUNRISE HIGHWAY, BALDWIN, NY 11510;

(ii)   132 MIDDLE NECK ROAD, GREAT NECK, NY 11024;

(iii)   283 MAIN ST., PORT WASHINGTON, NY 11050

(iv)   379 S. OYSTER BAY RD, PLAINVIEW, NY 11803; and

(v)   477 OLD COUNTRY ROAD, WESTBURY, NY 11510;

(b) Ayhan's Mediterranean Marketplace and Café has one location at 293 MAIN ST.

PORT WASHINGTON, NY 11050;

(c) Ayhan's Fish Kebab Restaurant has one location at 286 MAIN ST., PORT

WASHINGTON, NY 11050;

(d) Ayhan's Pita Express has two locations:

        (i)     201 SUNRISE HIGHWAY, ROCKVILLE CENTRE, NY 11570;

             and

        (ii)    339 NEWBRIDGE ROAD, EAST MEADOW, NY 11554.

9.     All of the above restaurants have common ownership and are controlled by defendant AYHAN HASSAN. HASSAN has control over all employment policies and personnel decisions.

10.    Each of the above businesses is advertised jointly on Defendants' website located at http://www.ayhansrestaurants.com. Employees were freely interchangeable, all employees were paid by the same payroll methods, and checks were paid by the same entity.

11.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees (including runners, bussers, waiters, barbacks and bartenders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiffs and FLSA Collective Plaintiffs who were tipped employees claim that Defendants willfully violated their rights by failing to pay their minimum wages in the lawful amount for hours worked.  Defendants, however, were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. Defendants further instituted a policy of time-shaving, or requiring Plaintiff and FLSA Collective Plaintiffs to work off the clock.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the

7

"Class Period").

17.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees including runners, bussers, waiters, barbacks and bartenders ("Tipped Subclass") who also number more than forty (40). Plaintiffs MARTINEZ and CAMARDA  are members of both the Class and Tipped Subclass.

19.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

8

20.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a)  Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;
>
> b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;
>
> c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;
>
> d)  Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;
>
> e)  Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;
>
> f)  Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

g)  If Defendants were entitled to take a tip credit, whether they paid Plaintiffs and Class members below the tip credit minimum wage;

h)  Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law;

i)  Whether Defendants required members of the Tipped Subclass to perform non-tipped work for more than 20% of their work day;

j)  Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

k)  Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

l)  Whether Defendants failed to properly compensate Plaintiffs and Class members for all their hours worked due to a policy of time shaving and failing to correctly track the hours worked by Plaintiffs and Class members;

m)  Whether Defendants improperly withheld tips from Tipped Subclass members through an invalid tip-pooling scheme;

n)  Whether Defendants took an invalid meal credit from Class members' wages in violation of New York Labor Law;

o)  Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law;

p)  Whether Defendants paid Plaintiffs and Class members at a rate below the tipped minimum wage under New York Labor Law;

q) Whether Defendants provided proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

24.    In or around January 2003, Plaintiff MIGUEL ANGEL CORONEL MARTINEZ was hired by Defendants to work as a busboy, food preparer, dishwasher and salad preparer for the restaurants "Ayhan's Shish Kebab Mediterranean Restaurant" located at 283 Main St. Port Washington, New York, 11050  and  "Ayhan's Fish Kebab" located at 286 Main St., Port Washington, New York 11050.  Plaintiff MARTINEZ was terminated by Defendants on October 26, 2013.

25.    (a) From the beginning of his employment in 2003 until in or about August 2009, while Plaintiff MARTINEZ was employed with Defendants as a kitchen worker (food preparer/salad preparer/dishwasher), he had a regular weekly work schedule of 9:00 A.M. until 10:00 P.M. one day per week, 10:00 A.M. until 10:00 P.M. three days per week, and 10:00 A.M. until 11:00 P.M. two days per week. Plaintiff MARTINEZ was paid a base hourly rate of $5.50 per hour between 2003 and August 2009.

(b) From August 2009 to August 2012, while Plaintiff MARTINEZ was employed with Defendants as a busboy, he had a regular weekly work schedule of: 9:00 A.M. until 10:00 P.M. on Mondays, 10:00 A.M. until 4:00 P.M. on Wednesdays, 10:00 A.M. until 10:00 P.M. on Thursdays, 5:00 P.M. until 11:00 P.M. on Fridays, 11:00 A.M. until 12:00 A.M. on Saturdays, and 10:00 A.M. until 11:00 P.M. on Sundays.   Plaintiff MARTINEZ was paid a base hourly rate of $5.00 during this time.

(c) From August 2012 to October 26, 2013, while Plaintiff MARTINEZ was employed with Defendants as a busboy, he had a regular weekly work schedule of: 9:00 A.M.

12

until 10:00 P.M. on Mondays, 11:00 A.M. until 10:00 P.M. on Thursdays, 5:00 A.M. until 11:00 P.M. on Fridays, 11:30 A.M. until 12:00 A.M. on Saturdays, and 12:00 P.M. until 10:00 P.M. on Sundays. Plaintiff MARTINEZ was paid a base hourly rate of $5.00 during this time.

26.     In or around December 2011, Plaintiff JESSICA CAMARDA was hired by Defendants to work as a waitress for the restaurant "Ayhan's Shish Kebab" located at 477 Old Country Road, Westbury, New York 11590. At the beginning of her employment until in or about February 2012, the restaurant did business under the name "Trodos". In or about March 2012, the restaurant began doing business under the name "Ayhan's Shish Kebab". Plaintiff CAMARDA was terminated by Defendants in May 2012.

27.     From the beginning of her employment in December 2011 until in or about May 2012, while Plaintiff CAMARDA was employed with Defendants as a waitress, she had a regular weekly work schedule that fluctuated from between 4 to 6 days per week. On weekdays she would work 4:00 P.M. to 10:00 P.M. and on weekends 4:00 P.M. to 11:00 P.M. At least once per week Plaintiff CAMARDA was required to stay an additional 1-2 hours. Plaintiff CAMARDA was orally informed her base hourly rate was $4.00 per hour, however her paystubs incorrectly listed a base hourly rate of $5.00 per hour.

28.     Throughout her employment with Defendants, Plaintiff CAMARDA was harassed by Defendant HASSAN about her weight. On numerous occasions Defendant HASSAN told Plaintiff CAMARDA she was "fat" and that she had to lose weight. Defendant HASSAN prohibited Plaintiff CAMARDA from eating the employee meal but took a meal deduction from her wages. When Plaintiff CAMARDA did lose weight, Defendant HASSAN demanded that she buy new clothes.

29. Plaintiff CAMARDA complained to the Defendants' corporate office on five (5) separate occasions about Defendant HASSAN's behavior, but there was no action taken.

30. Plaintiff CAMARDA was terminated in May 2012 after being falsely accused by the restaurant manager, Emin, of stealing $50.00 in credit card tips. Plaintiff CAMARDA called the corporate office to complain about her wrongful termination but she never received any response.

31. At all relevant times, Defendants paid Plaintiffs MARTINEZ and CAMARDA, FLSA Collective Plaintiffs, and Tipped Subclass members at hourly rates below the standard minimum wage. For certain time periods, Defendants paid Plaintiffs MARTINEZ and CAMARDA, FLSA Collective Plaintiffs, and Tipped Subclass members at hourly rates below the tipped minimum wage.

32. Although Plaintiffs MARTINEZ and CAMARDA regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate. Other Class members and FLSA Collective Plaintiffs were paid similarly.

33. Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

34. Plaintiffs, FLSA Collective Plaintiffs, and Tipped Subclass members were required by management to participate in an invalid "tip pooling" scheme. They were never informed of their tip allocation percentage, which were arbitrarily set by managers of each Ayhan's restaurant. Defendants did not inform tipped employees of the amount of tips received on any given day. At all times, the tip-pooling scheme was controlled by Defendants, and not

agreed to by tipped employees. This allowed Defendants to illegally retain a portion of the tips received.

35.     Plaintiffs, FLSA Collective Plaintiffs, and Tipped Subclass did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation.  They did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

36.     Plaintiffs, FLSA Collective Plaintiffs, and Tipped Subclass members were required to engage more than 20% of their working time in non-tipped related activities such as cleaning the restaurant and other non-tip related activities.  Such activities were unrelated to their primary duties.

37.     Plaintiffs, FLSA Collective Plaintiffs and Class members' paystubs did not accurately reflect their working hours.  Employees were required to clock out before the ends of their shifts, but continue working until the scheduled end of their shifts. Such time shaving policy resulted in a reduction of wages for all non-exempt employees.

38.     Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class the Federal and State minimum wage for all hours worked.  Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class often worked in excess of forty hours per week.

39.     Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

40.     Defendants failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and Class members, and also failed to keep the proper employment records required under the FLSA and NYLL.

41.     For the hours that Defendants did pay Plaintiffs, Defendants paid Plaintiffs, the FLSA Collective Plaintiffs, and the Tipped Subclass, the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages.   Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL, (ii) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iv) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL, (v) failed to track the amount of tips received daily in violation of NYLL, and (v) instituted an invalid tip-pooling scheme in violation of FLSA and NYLL.

42.     Defendants regularly required Plaintiffs, the FLSA Collective Plaintiffs, and Class members to clock out before the end of their shift and continue working. Plaintiffs, the FLSA Collective Plaintiffs, and Class members would be required to clock out approximately eight hours into their scheduled shifts, but continue to work off the clock.

43.     Because Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class, were required to work off of the clock, their total pay does not reflect the actual hours that they worked. This time-shaving policy was intended to avoid paying Plaintiff, FLSA Collective Plaintiffs, and members of the Class (1) the proper state and federal minimum wage and (2) one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in

16

a workweek. This time-shaving policy was instituted knowingly and willfully to evade New York State and federal law.

44.      Because Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class, were required to work off of the clock, they did not receive the "spread of hours" payment required by NYLL for days when they worked over ten hours.

45.      Defendants further made improper deductions from Plaintiffs', FLSA Collective Plaintiffs', and Class members' wages in violation of NYLL in the form of an invalid meal credit. Plaintiffs and Class Members were never notified of a meal credit and were not given the requisite amount of break time in which to eat. This policy of improper deductions was instituted knowingly and willfully to evade state law.

46.      At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage notices or wage statements as required by NYLL.

47.      Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

48.      Plaintiffs reallege and reaver Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49.      At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

50.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

51.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

52.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to Plaintiffs and FLSA Collective Plaintiffs.

53.     At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

54.     At all relevant times, Defendants showed willful disregard for the provisions of FLSA by implementing a policy and practice of time shaving, or requiring employees to work off the clock. Because Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class, were required to work off of the clock, their total pay does not reflect the actual hours that they worked.

55.     Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then

seek leave of Court to amend this Complaint to set forth the precise amount due.

56.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

57.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

58.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

59.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS</u>

60.     Plaintiffs reallege and reaver Paragraphs 1 through 59 of this class and collective action Complaint as if fully set forth herein.

61.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

62.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

63.     Defendants failed to properly notify employees of their hourly pay rate and

overtime rate, in direct violation of the New York Labor Law.

64.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked by taking a tip credit from their hourly wage.  As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to Plaintiffs and Class members.

65.     Defendants willfully violated Plaintiffs' and Class members' rights by instituting a policy of time shaving. They required Plaintiffs and FLSA Collective Plaintiffs to clock out before the end of their scheduled shift, but continued to work until their shift was due to end. In doing so, Defendants willfully deprived Plaintiffs and FLSA Collective Plaintiffs of their lawfully earned wages.

66.     Defendants willfully violated Plaintiffs' and class members' rights by taking improper deductions from their wages in the form of invalid meal credits.

67.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by state law.

68.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

69.     Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

70.     Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.     An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.     An award of unpaid spread of hours premium due under the New York Labor Law;

f.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

g.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage pursuant to the New York Labor Law;

h.     An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.     Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j.      Designation of this action as a class action pursuant to F.R.C.P. 23;

k.      Designation of Plaintiffs as Representatives of Class;

l.      An award representing compensation for tips illegally retained by Defendants; and

m.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: December 31, 2013

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: _____
C.K. Lee (CL 4086)