**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MIGUEL ANGEL CORONEL MARTINEZ
and JESSICA CAMARDA,
*on behalf of themselves, FLSA Collective*
*Plaintiffs and the Class,*

                    **Plaintiffs,**

                                                 **Case No.** 13 Civ. 7411
                                                 (LDW)(AKT)

                  -against-


AYKEN, INC. d/b/a AYHAN'S FISH KEBAB,
et. al.,

                    **Defendants**.
-----------------------------------------------------------X



**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS**
**CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

Jose G. Santiago, Esq.
The Santiago Law Firm, P.C.
201 Moreland Road, Suite 10
Hauppauge, NY 11788
Office: (631) 240-4355
Fax: (631) 406-4911
*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

PROCEDURAL HISTORY ...............................................................................................2

LEGAL ARGUMENT.........................................................................................................2

I.     THE PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A NYLL
CLASS ACTION PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL
PROCEDURE SHOULD BE DENIED, BECAUSE THE PLAINTIFFS CANNOT
MEET RULE 23'S STRICT REQUIREMENTS FOR CLASS ACTION
CERTIFICATION ......................................................................................................2

       A.    The Plaintiffs Cannot Meet Rule 23(A)(1)'s Numerosity Requirement.................4

       B.    The Plaintiffs Cannot Meet Rule 23(A)(2)'s Commonality Requirement .............6

       C.    The Plaintiffs Cannot Meet Rule 23(A)(3)'s Typicality Requirement ..................9

       D.    The Plaintiffs Cannot Meet Rule 23(A)(4)'s Adequacy of Representation
Requirement ........................................................................................................11

              1.     *Representative plaintiff Miguel Angel Coronel Martinez*.........................11

              2.     *Representative plaintiff Jessica Camarda* ................................................13

       E.    The Plaintiffs Cannot Meet Rule 23's Ascertainability Requirement ................15

       F.    The Plaintiffs Cannot Establish That Questions of Law or Fact Common to the
Members of the Proposed Class Predominate Over Any Questions Affecting
Only Individual Members ....................................................................................16

       G.    The Plaintiffs Cannot Establish That a Class Action is Superior to Other
Available Methods for the Fair and Efficient Adjudication of the Controversy ...16

    CONCLUSION....................................................................................................................17

i

# TABLE OF AUTHORITIES

## CASES

*Bd. of Trustees of S. California IBEW-NECA Defined Contribution Plan v. Bank of New York Mellon Corp.*, 287 F.R.D. 216 (S.D.N.Y. 2012) .............................................................4

*Caridad v. Metro-N Commuter R.R.*, 191 F.3d 283 (2d Cir. 1999) .................................................15

*Cohen v. Laiti*, 98 F.R.D. 581 (E.D.N.Y. 1983) .................................................................11, 12

*Diaz v. Residential Credit Solutions, Inc.*, 297 F.R.D. 42 (E.D.N.Y. 2014) ..................................11

*Dunnigan v. Metro Life Ins. Co.*, 214 F.R.D. 125 (S.D.N.Y. 2003) ................................................16

*Elliott Associates v. J. Henry Schroder Bank & Trust Co.* 655 F. Supp. 1281 (S.D.N.Y. 1987) ............................................................................................4

*Gen Tel. Co., v. Falcon*, 457 U.S. 147 (1982) ..........................................................................15

*Harrison v. Great Springwaters of Am., Inc.*, No. 96-CV-5110, 1997 WL 469996, (E.D.N.Y. June 18, 1997) ..........................................13

*In re American Int'l Group., Inc. Sec. Litig.*, 689 F.3d 229 (2d Cir. 2012) ...................................3

*In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128 (S.D.N.Y. 2007) ..........................................14

*Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168 (S.D.N.Y. 2008) ........................................11, 12, 14

*LeGrand v. New York City Transit Auth.,* 1999 WL 342286 (E.D.N.Y. 1999) ...............................4, 5

*Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) ....................................16

*Lewis v. National Financial Systems, Inc.*, No. 06-1308, 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. August 23, 2007) ......................................3

*McBean v. City of New York*, 228 F.R.D. 487, 492 (S.D.N.Y. 2005) ............................................15

*Myers v. Hertz Corp.*, No. 02-4325, 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. July 24, 2007) .................................16, 17

*People United for Children, Inc. v. City of New York*, 214 F.R.D. 252 (S.D.N.Y. 2003) ..............15

*Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614 (E.D.N.Y. June 12, 2006) ..........16

*Rapcinsky v. Skinny Girl Cocktails, L.L.C.*, No. 11 Civ. 6546, 2013 WL 93636, (S.D.N.Y. Jan. 9, 2013) ................................................10

*Robidoux v Celani*, 987 F2d 931 (2d Cir. 1993).................................................................4

*Romero et al. v. H.B. Automotive Group, Inc.*, 2012 WL 1514810 (S.D.N.Y. May 1, 2012).........3

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) ..............................................4

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ...............................................3, 6

## **STATUTES**

Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ....................................................2

Fed. R. Civ. P. 23 ...............................................1, 2, 3, 4, 5, 6, 9, 10, 11, 15, 16, 17

N.Y. Lab. Law ...........................................................................................2, 17

NY CPLR § 901(b) ..................................................................................17

Defendants, AYKEN, INC. d/b/a AYHAN'S FISH KEBAB, et. al., submit this memorandum of law in opposition to Plaintiffs' motion for certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Miguel Angel Coronal Martinez is a former busser of *Ayhan's Shish Kebab Mediterranean Restaurant* located at 283 Main Street, Port Washington, New York 11050. But for only two or three occasions, he worked solely at this location from in or around August 2009 until October 2013. Plaintiff Jessica Camarda is a former server/waiter of *Ayhan's Shish Kebab* located at 477 Old Country Road, Westbury, New York 11590. She worked solely at this location for a very short period, from in or around December 2011 until May 2012.

Together, Plaintiffs bring this action for themselves and purportedly on behalf of other similarly situated current and former tipped employees of defendants seeking to recover alleged unpaid minimum wage and overtime compensation, failure to pay "spread of hours" compensation, and participating in an illegal tip-pooling scheme, in violation of federal and/or state wage and hours laws. In furtherance of this goal, the Plaintiffs now seek class certification under Fed. R. Civ. P. 23 for their state law claims.

As indicated in previous filings, many of the allegations set forth in declarations previously filed by Plaintiffs are demonstrably false. Defendants provided discovery responses in this matter to Plaintiffs' counsel regarding Plaintiffs' hours, wage rates, tips and notices. Despite evidence to the contrary, Plaintiffs maintain their false claims regarding wage rates, failure to receive notices regarding deductions, and tips received. For the reasons discussed below, the Plaintiffs are unable to establish the stringent requirements of class certification for

1

their state law claims.   Accordingly, Plaintiffs' motion for class action certification should be denied in its entirety.

**PROCEDURAL HISTORY**

The Plaintiffs commenced this action on December 31, 2013, against the restaurants' owner, Ayhan Hassan, and nine (9) restaurants, seeking alleged unpaid wages and overtime compensation on behalf of a purported class of allegedly similarly tipped workers employed at the nine (9) different restaurants.   Plaintiffs sought to maintain both a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and a traditional Rule 23 class action asserting similar claims under the New York Labor Law ("NYLL").   On March 27, 2015, the Court granted, with limitations, conditional collective action certification in this action.   For the reasons discussed below, the Plaintiffs are unable to establish the requirements necessary for the certification of a state law class action.   Accordingly, the Plaintiffs' motion for class action certification should be denied in its entirety and this action should proceed with the conditionally certified collective action only.

**LEGAL ARGUMENT**

I.   **THE PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A NYLL CLASS ACTION PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE SHOULD BE DENIED, BECAUSE THE PLAINTIFFS CANNOT MEET RULE 23'S STRICT REQUIREMENTS FOR CLASS ACTION CERTIFICATION**

In contrast to the comparatively easier burden for a plaintiff to establish "similarly situated" employees in order to obtain certification of an FLSA collective action, class action certification of NYLL claims is governed by the strict requirements of Rule 23 of the Federal Rules of Civil Procedure.   In order to obtain conditional class certification of NYLL claims, "a moving party must satisfy all four prerequisites to certification contained in Rule 23(a).

2

Additionally, the class must be maintainable as defined in Rule 23(b). Class certification may be granted only if the court is satisfied after a 'rigorous analysis' that the Rule 23 requisites have been satisfied…. Plaintiffs bear the burden of establishing the requirements of Rule 23 and failure to meet any one of the necessary criteria will defeat the motion." *Lewis v. National Financial Systems, Inc.*, No. 06-1308, 2007 U.S. Dist. LEXIS 62320, at *12 (E.D.N.Y. August 23, 2007). Compliance with Rule 23 must be "affirmatively demonstrated" with "significant proof." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-54 (2011); *see also In re American Int'l Group., Inc. Sec. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012).

Rule 23(a) requires the Plaintiffs to establish that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

*Id.* at *13. Additionally, Rule 23(b)(3)—the only grounds of Rule 23(b) upon which the Plaintiffs rely—requires plaintiffs to establish that: (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Id.* at 17. In addition, class certification should be denied where Plaintiffs' allegations of failure to pay minimum wage and overtime and failure to failure to provide notices are based on "limited anecdotal hearsay." *Romero et al. v. H.B. Automotive Group, Inc.*, 2012 WL 1514810 *10-*12 (S.D.N.Y. May 1, 2012) (denying conditional certification of the *less stringent* collective action class where the plaintiff's allegations were based on "limited anecdotal hearsay" and "conjecture" contained in plaintiff's affidavit that other employees were subject to the same pay policies). Clearly, if limited anecdotal hearsay and conjecture is not

3

enough to meet the lenient burden associated with conditional certification of a collective action, it cannot be enough under the "rigorous analysis" required for a NYLL class action under Rule 23. Only when a plaintiff can satisfy all of the above requirements is conditional certification of a NYLL class action under Rule 23 appropriate.

### A. The Plaintiffs Cannot Meet Rule 23(A)(1)'s Numerosity Requirement.

The first requirement for class certification is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In analyzing whether the foregoing rule has been satisfied, the ultimate issue is whether joinder is impracticable. *Elliott Associates v. J. Henry Schroder Bank & Trust Co.*, 655 F. Supp. 1281, 1285 (S.D.N.Y. 1987). Determination of practicability depends on all the circumstances surrounding a case, not on mere numbers. *Robidoux v Celani*, 987 F2d 931, 936 (2d Cir. 1993). The court must consider factors such as geographic dispersion of class members, financial resources of class members, and the ability of claimants to institute individual suits. *Id.* Numerosity may not be deemed satisfied simply because a particular defendant has a large number of employees. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267-68 (11th Cir. 2009). Instead, the court must receive enough evidence, by affidavits, documents, or testimony, prior to class certification. *Bd. of Trustees of S. California IBEW-NECA Defined Contribution Plan v. Bank of New York Mellon Corp.*, 287 F.R.D. 216, 223 (S.D.N.Y. 2012).

Putative class members are easily identifiable and not so geographically dispersed so as to make joinder difficult. Where the proposed class members all work in the same company and live in a relatively small geographic area, courts should deny certification because joinder of individual plaintiffs is feasible or practicable. *LeGrand v. New York City Transit Auth.*, 1999 WL 342286, at 5 (E.D.N.Y. 1999). Here, all potential class members worked in Nassau County

New York, and primarily reside in the same, as opposed to being distributed over the entire state. Additionally, in the instant case parties have access to employee records bearing information such as the names, date of birth, home address, phone number, and even social security numbers of potential class members.  As such, it is feasible to locate and identify potential class members.

Further, joinder is not impracticable because there is no financial impact on potential class members in seeking relief.  *Id.* A collective action, which requires a less vigorous analysis, has been conditionally certified.  Potential plaintiffs may join in the pending collective action and recover the same relief that may be attained via class action, with no individual financial impact. As such, potential class members need not institute individual claims to gain relief. Conversely, a plaintiff who would need to bring an individual claim to obtain relief cannot be a member of the putative class in the instant action, as they would be barred by the commonality and typicality requirements of Rules 23(a)(2) and 23(a)(3).

Finally, Plaintiffs argue in their motion for class action certification that numerosity is met based on the number of employees who currently work at the separate restaurants named as defendants in the instant action, or by a speculative combination of current and former employees.  *See* Plaintiffs' Motion for Class Certification, p. 17 ("the number of employees... alone satisfy the numerosity requirement"). In doing so, Plaintiffs have enumerated individuals who are outside the putative class in order to satisfy the amount of potential class members required to justify moving by class action. Erroneously, plaintiffs wholly fail to discuss the impracticability, or feasibility of joinder.  *See LeGrand,* 1999 WL 342286, at 4 ("Even if 100 were a realistic number, ...plaintiffs have failed to meet the numerosity requirement....Numerosity and the issue of whether joinder is practicable do not depend upon hard numbers"). Plaintiffs have failed to meet their burden.

5

## B.  The Plaintiffs Cannot Meet Rule 23(A)(2)'s Commonality Requirement.

The second requirement for class certification is the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  As with all elements of Rule 23, these common questions of law or fact must be "affirmatively demonstrated" with "significant proof." *Wal-Mart*, 131 S. Ct. at 2551-54.  Plaintiffs must do more than simply meet a notice pleading standard with respect to commonality.  *Id.*

To satisfy the commonality requirement, Plaintiff's claims specifically "must depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id* at 2551.

> What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* (internal citations omitted).

Here, Plaintiffs allege that common questions exist for all non-exempt employees of Ayhan's restaurants in the form of: a common failure by Defendants to pay spread of hours premiums, a common "time shaving" policy, and a common failure by Defendants provide wage statements.  *See* Plaintiffs' Motion for Class Certification, pp. 11-15. Those non-exempt employees who received tips, they claim, were additionally subject to common minimum wage and overtime violations—the product of an invalid tip credit allowance and tip-pooling scheme. *See* Id., pp. 6-11.

In their motion for class action certification, however, Plaintiffs have failed to provide the requisite affirmative and significant proof of commonality in at least three different ways: they

either offer no facts to substantiate their allegations; offer inaccurate facts; or offer facts demonstrating dissimilarities among employee position, restaurant location, or the acting manager, all of which work to impede the necessary generation of common answers.

For example, Plaintiff's "significant proof" that tipped employees were subject to common minimum wage and overtime violations is based on the statements of Defendant Hassan and Plaintiffs Martinez—who claims he was paid below the statutory minimum and overtime wage and observed that other tipped employees at the Ayhan Restaurants were paid below the required minimum and overtime wage as well, "based on . . . conversations with [other] tipped employees." *See* Plaintiffs' Motion for Class Certification, p. 7.  In his deposition, however, plaintiff Martinez made it clear that several of his allegations made in earlier declarations were inaccurate and false.  Significantly, although Martinez claimed in his "Declaration in Support of Plaintiff's Motion for Conditional [FLSA Collective Action] Certification" that—in "conversations with other employees transferred to the restaurant he worked"—he was informed that "Defendants instituted the same tip compensation policy to all tipped employees at each of the nine restaurants" and "routinely worked more than ten hours a day," *see* Martinez Decl. ¶¶2-5, he later revealed in his deposition that he never spoke to any other employees about how they were paid or the hours they worked for Defendants beyond vague statements that they were sometimes tipped "not so well."  *See* Martinez Dep. 15:20-22; 17: 8-20; 23:13-19; 24:21-24.  He likewise admitted that his overtime violation allegations were based on conversations with one busboy regarding the actions of one manager at a single Ayhan restaurant location. *See* Martinez Dep. 51:1-15.  With regards to tip pooling policies, Martinez originally asserted that he was subjected to a tip-pooling system that was under the control of the Defendants.  *See* Martinez Decl. ¶8.  During his deposition, however, Martinez testified that he was not aware of any set

7

Company policy which dictated what the waiters were to pay the busboys, and acknowledged that any tip-pooling that did occur was the result of direct sharing between the waiters and busboys and not mandated by a company-wide policy:

```
5    Q.    Now, when the waiters tipped you,
6          gave you your share of the tips, was there any
7          set percentage you were supposed to get of
8          that, of the total amount of tips?
9    A.    I never knew.  We always waited
10         for whatever the waiter wanted to give.
11   Q.    So, to your knowledge, there was
12         no set requirement of the amount the waiters
13         were supposed to give you in tips?
14   A.    No. (Martinez Dep. 104:5-14).
```

What's left for Plaintiffs to rely on as proof of an invalid tip-pooling scheme is a twisting of Defendant and owner Ayhan Hassan's deposition testimony that a "15% universal…now it's 18%" rate of tip sharing occurred between servers and bussers—a statement meant to reflect that the rate chosen by his employees reflected a universal, nationwide average.  *See* Plaintiffs' Motion for Class Certification, p. 10.

Likewise, the singular allegations underlying Plaintiffs' claim that commonality exists for the issue of the failure to pay spread of hours premiums and failure to properly provide wage statements reveal issues with certain payroll records and wage notices, but not an issue common to all.  For example, Plaintiffs point to three (3) days on which Martinez worked more than ten (10) hours and was not paid the additional spread of hours premium. *See* Id., p. 12.  Plaintiffs also note that payroll records for Martinez indicate that he did not receive spread of hours premiums as recently as February 8, 2013, despite Defendant Hassan's claims that he had already fixed the issue for all employees. *See* Id., p. 13.  In other words, the disputed failure to pay spread of hours premiums—which can be traced to the unique mistakes of certain managers

at specific locations—was the product of dissimilarities and individual factors with the potential to impede the generation of common answers necessary to a class action lawsuit.

Finally, Plaintiffs allege that Defendants failed to compensate Class Members for all hours worked. *See Id.,* p. 20. Their affirmative and significant proof underlying this allegation is Defendants' employee handbook, which "shows that Defendants required . . . Class Members to arrive at work fifteen (15) minutes before their shift . . . However, such time was not paid." *See Id,* p. 13. No other proof is offered. In fact, in his deposition, plaintiff Martinez can only point to one other employee who also claims he was instructed to punch out early. *See* Martinez Dep. 52:22-53:15. Defendants maintain that while employees were asked to come fifteen (15) minutes before their shift for the purpose of changing, cleaning, and generally preparing for their shift, all employees were paid for this time. Although common to all employees, this practice and the Employee Handbook sections that outline it are not a violation of any wage and hour laws.

Overall, Plaintiffs have offered either inadequate proof, proof based on contradictory declarations, or proof of unique notice and spread of hours discrepancies. They have not, however, affirmatively demonstrated with significant proof that any common issues exist in this case which a jury can resolve on behalf of all class members with a single dispositive answer on behalf all class members. As a result, their motion for class action certification should be denied, as it fails to meet the required element of communality.

## C. The Plaintiffs Cannot Meet Rule 23(A)(3)'s Typicality Requirement.

The third requirement for class certification is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "At bottom, the typicality requirement concerns the fairness of allowing an entire class's claims

to rise or fall with the fate of the named representative's claims; thus, that representative's claims must be typical of the class so as to prevent a false prophet from bearing the standard for an entire class of claims." *Rapcinsky v. Skinny Girl Cocktails, L.L.C.*, No. 11 Civ. 6546, 2013 WL 93636, at *5 (S.D.N.Y. Jan. 9, 2013).

Plaintiffs attempt to prove the separate Rule 23 requirements of "typicality" and "commonality" with the same legal arguments, and offer no additional proof to show that the complaints of named plaintiffs Camarda and Martinez are not atypical of the class, aside from those "commonality" allegations refuted above. In doing so, Plaintiffs have failed to resolve the glaring lack of typicality inherent in their choice of named plaintiffs Camarda and Martinez as representatives. As shown in his numerous inconsistent statements highlighted above, Martinez embodies the "false prophet" warned of in *Rapcinsky*. Plaintiff Camarda's deposition, meanwhile, is replete with statements that her wage and hour issues were the result of her being "singled out" by management, as well as statements that she "did not want to speak for everyone." *See* Camarda Dep. 22:7-22. Her unique set of employment concerns seems to be the result of personal conflicts with her managers and not concerns typical of the class. For example, in her deposition she points to several individualized employment issues regarding her lack of meal break, Id. at 31:14-15 ("everyone was able to eat . . . I wasn't allowed to eat"); her cut hours, Id. at 37:10-12 ("Q: Were the hours of any other server cut? A: No. In fact, they took my hours"); and time shaving resulting from early punch-outs, Id. at 22:7-22 ("Q: It was your perception when you spoke to Ayhan complaining about [your manager] punching you out that he was singling you out? A: It was my perception, yes . . . Q: So why did you tell Ayhan that he was singling you out if he was doing this to other people? A: Because I can't speak for other people. That was their job.").

Overall, the depositions of named plaintiffs Camarda and Martinez reveal the allegations of two employees who fall far short of "bearing the standard for an entire class of claims." Plaintiffs have failed to meet the typicality requirement of Fed. R. Civ. P. 23(a)(3); as a result their motion for class action certification should be denied.

### D. The Plaintiffs Cannot Meet Rule 23(A)(4)'s Adequacy of Representation Requirement.

The fourth requirement for class certification demands that, "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In order to satisfy Rule 23(a)(4), a plaintiff first must demonstrate that class counsel is qualified, experienced, and generally able to conduct the litigation. *Diaz v. Residential Credit Solutions, Inc.*, 297 F.R.D. 42, 52 (E.D.N.Y. 2014).  Second, a plaintiff must show that she has no interests that are antagonistic to the proposed class members. *Id.*  The foregoing rule serves to uncover conflicts of interest between named parties and the class they seek to represent.  *Id* at 51. Further, plaintiffs who lack credibility and cannot stand up to scrutiny cannot fairly and adequately represent a class. *Cohen v. Laiti*, 98 F.R.D. 581, 581 (E.D.N.Y. 1983).  The court must consider whether a putative representative is familiar with the action, whether he has abdicated control of the litigation to class counsel, and whether he is of sufficient moral character to represent a class.' *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 176 (S.D.N.Y. 2008).

#### 1.      *Representative plaintiff Miguel Angel Coronel Martinez.*

Here, a fundamental conflict exists between named plaintiff Martinez and other class members, where plaintiff Martinez states that other class members have harmed him, including the other named plaintiff in the instant action.  Specifically, putative representative Martinez complains that non-exempt tipped employees, such as named plaintiff Camarda, did not pay non-exempt non-tipped employees, such as plaintiff Martinez himself, a tip or the proper tip. *See*

11

Martinez Dep. 33:23-25. As such, a conflict of interest exists between the putative representatives, and will certainly exist between named plaintiffs and potential class members. Of note, statements made by plaintiff Martinez signifying conflicts of interest between named plaintiff and class members are in direct contradiction of Mr. Martinez's declaration. Martinez Decl. ¶ 9.

Plaintiff Martinez cannot adequately represent potential class members because he lacks credibility. Specifically, plaintiff Martinez has put forth a significant amount of inconsistent testimony in his deposition and declaration. *See Lapin*, 254 F.R.D. at 178 (quoting *Cohen v. Laiti*, 98 F.R.D at 584) (finding plaintiff failed to satisfy the adequacy requirement where he changed his testimony multiple times and or cited poor memory). Plaintiff Martinez states both that he possesses knowledge of whether the harm alleged is typical, and states the opposite insofar as Mr. Martinez repeatedly states that he had no such knowledge and quite limited communication with other employees regarding work hours and pay. For example, Carlos Ballejo, a friend of plaintiff Martinez and employee working at *Port Washington Shish Kebab*, only told Plaintiff that he was not being treated well at the restaurant, and did not disclose how he was not being treated well, or how much he was paid. *See* Martinez Dep. 15:3-11; 15:20-22. Plaintiff Martinez only worked at one restaurant named in the suit, save three other times at most, where he worked at another restaurant. *See* Martinez Dep. 18:4-11. On one such occasion, Plaintiff Martinez states that he discussed tips with an unnamed busboy, after initially stating that he did not remember the content of the conversation with the same busboy. *See* Martinez Dep. 20:2-5. The only information Plaintiff gathered from the aforementioned conversation was related to whether waiters paid tips to busboys well, or whether they paid poorly. *See* Martinez Dep. 22:13-22; Martinez Dep. 35:15-20. Plaintiff Martinez states that he discussed tips with

12

only a few other employees, (See Martinez Dep. 26:2-7); similarly states that during such communication he only discussed whether or not they were being paid well. See Martinez Dep. 29:23-25; 30:2, 14-17.

As outlined above, plaintiff Martinez cannot adequately represent potential class members because he lacks knowledge necessary to fairly and adequately represent the class. *See Harrison v. Great Springwaters of Am., Inc.*, No. 96-CV-5110, 1997 WL 469996, at *6 (E.D.N.Y. June 18, 1997) (denying certification for lack of knowledge where the plaintiff admitted at several points he lacked knowledge essential to support allegations in his complaint). Plaintiff Martinez openly admits that he does not know whether alleged unlawful conduct, was directed at or affected both he and the putative class members. Indeed, on several occasion when given the opportunity, plaintiff Martinez has demonstrated that he has no knowledge of whether alleged unlawful acts complained of also affected potential class members, or were in fact, typical. *See* Martinez Dep. 15:20-22; 18:4-11; 20:2-5; 22:13-22; 26:2-7; 29:23-25; 30:2,14-17; 35:15-20; 52:19-21. Based on the aforementioned, plaintiff Martinez cannot adequately represent the class.

## 2.    *Representative plaintiff Jessica Camarda*

A fundamental conflict exists between named plaintiff Camarda and other class members, including named plaintiff Martinez. Specifically, named plaintiff Martinez complains of not receiving the same tips or the correct amount of tips from waiters or servers, such as plaintiff Camarda. *See* Martinez Dep. 33:23-25. In validation of said conflict, plaintiff Camarda states that "it was up to us to do that," referring to the sharing of tips between non-exempt tipped employees, and non-exempt non-tipped employees. *See* Camarda Dep. 41:21-23. Of note,

13

plaintiff Camarda's deposition testimony mentioned above is in direct conflict with her declaration.

Plaintiff Camarda cannot adequately represent potential class members because she lacks credibility. The nature of plaintiff Camarda's misconduct during employment precludes her from fairly and adequately representing potential class members. The court must consider honesty and trustworthiness in assessing a candidate's ability to serve as an adequate fiduciary for a class. *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007); *Lapin*, 254 F.R.D. at 176 (S.D.N.Y. 2008). Ms. Camarda was terminated for cause, involving issues of dishonesty as outlined in the letter of termination signed by plaintiff Camarda. *See* Camarda Dep. 80:22-25; 81:2-6. Here, plaintiff Camarda's credibility is an integral part of the instant case since plaintiffs place heavy reliance on Ms. Camarda's unsubstantiated claims, as evidence of alleged illegal tip-pooling and knowledge that the alleged unlawful conduct was typical. Ms. Camarda cannot adequately represent the class where her signed letter of termination states that she overcharged customers' credit cards on several occasions over the course of several months. *See* Camarda Dep. 80:22-25; 81:2-6. Further calling Ms. Camarda's honesty and trustworthiness into question is plaintiff Camarda's initial denial of having ever seen the same letter, but stating that the letter does in fact bear her signature. *Id.* Ms. Camarda also adamantly questioned the authenticity of the letter during deposition by alleging facial inaccuracy based on her employment start date, before ultimately admitting that she had worked within the dates outlined in the letter. *See* Camarda Dep. 82:9-15. Comparably, Ms. Camarda, claims to have been informed by various unnamed non-exempt employees that such employees worked over forty (40) hours per week without overtime compensation. However, on occasions where Ms. Camarda names non-exempt employees, such employees do not state that they worked over forty

(40) hours without overtime compensation. *See* Camarda Dep. 70:4-7,14-18; 72:2-5. Based on the aforementioned, plaintiff Camarda cannot adequately represent the class.

### E.  The Plaintiffs Cannot Meet Rule 23's Ascertainability Requirement

In addition to the aforementioned Rule 23 requirements for obtaining class certification, Plaintiffs must also show that the proposed class meets the implicit threshold requirement of ascertainability. *Dunnigan v. Metro Life Ins. Co.*, 214 F.R.D. 125, 135 (S.D.N.Y. 2003) (recognizing that, "while 'Rule 23(a) does not expressly require that a class be definite in order to be certified[,] a requirement that there be an identifiable class has been implied by the courts.'"). The burden of establishing that the class satisfies all requirements falls squarely upon Plaintiffs. *See Caridad v. Metro-N Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999) (holding that such a burden is he plaintiffs to bear in a class action suit). District courts are required to probe behind the pleadings. *Gen Tel. Co., v. Falcon*, 457 U.S. 147, 160-61 (1982).

Plaintiffs fail to surmount the "rigorous analysis" test due to their overbroad and ambiguous class definition. Because Plaintiffs' purposed case of action is based upon defendants' alleged failure to pay overtime, the very first prong for class certification, numerosity, requires, at the very least, some allegation that an identifiable group of individuals were not paid overtime. Yet, Plaintiffs have neither alleged, in affidavits or through their deposition testimony, that they have knowledge regarding the existence of *specific individuals* (aside than themselves) who fall within that category, nor defined a class using job description, location, or dates of employment that relate to Plaintiffs' own details of employment. The law is clear that '[c]ourts should ensure that the class definition is 'precise, objective, and presently ascertainable.'" *McBean v. City of New York*, 228 F.R.D. 487, 492 (S.D.N.Y. 2005) (quoting *People United for Children, Inc. v. City of New York*, 214 F.R.D. 252, 256 (S.D.N.Y. 2003)). A

class is not ascertainable until it is defined by objective criteria that are administratively feasible, without requiring any form of subjective determination. *Dunnigan*, 214 F.R.D. at 135. Plaintiffs' class definition, which calls for a pure assumption as to the identity of class members, simply fails to satisfy Plaintiffs' burden in this matter. Further, such allegations cannot simply be made in the complaint – it must have evidentiary support. *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614 at *2 (E.D.N.Y. June 12, 2006).

### F. The Plaintiffs Cannot Establish That Questions of Law or Fact Common to the Members of the Proposed Class Predominate Over Any Questions Affecting Only Individual Members.

Rule 23(b)(3)'s requirement that common questions "predominate" over any questions affecting only potential individual class members is "similar to the commonality and typicality requirement" of Rule 23(a), except that it is "more demanding." *Myers v. Hertz Corp.*, No. 02-4325, 2007 U.S. Dist. LEXIS 53572, *19-20 (E.D.N.Y. July 24, 2007). As a result, the Plaintiffs fail to satisfy thus requirement for the same reasons that they fail to satisfy the requirements of Rule 23(a) regarding commonality and typicality. *See Id.*

### G. The Plaintiffs Cannot Establish That a Class Action is Superior to Other Available Methods for the Fair and Efficient Adjudication of the Controversy.

Rule 23(b)(3) also requires the Plaintiffs to show that a class action is "superior" to other available methods for the fair and efficient adjudication of the controversy. Initially, courts have held that where "substantial hostility against [a] lawsuit exists amongst potential class members...it makes more sense to allow plaintiffs to opt in to the lawsuit [via an FLSA collective action], rather than requiring them to opt out [via a NYLL class action]." *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004). As discussed above, according to Martinez's testimony, it appears that bussers and servers/waiters may be at odds

16

over the sharing of tips, creating "substantial hostility" among between Plaintiffs and other potential class members, and thus a class action would not be "superior." In light of this hostility, it makes sense to simply allow and desirous potential class members to simply "opt in" to the FLSA collection action – and avoid the separate "opt out" class altogether, as the *Leuthold* Court held.

Moreover, given the small size of the potential class in this case, a NYLL class action would not be "superior" to individual lawsuits. This is because "Plaintiffs suing under the [NYLL] must make at least one significant sacrifice over people who sue individually – waive their entitlement to recover liquidated damages." *See Myers*, 2007 U.S. Dist. LEXIS 53572, *20-21; see also NY CPLR § 901(b) (precluding a class action based upon any statute "creating or imposing a penalty" unless such statute also specifically provides for class action). Given the small size of the potential class in this case, the benefits of class certification would simply not outweigh the loss that each individual class member would suffer from having to give up their right to seek liquidated damages under the NYLL. Therefore, certifying a Rule 23 class action upon the Plaintiffs' NYLL claims – especially where conditional certification of the collective actions has been granted – would not be "superior" to individual lawsuits. In light of the above, the Plaintiffs cannot satisfy Rule 23(b)(3) and their motion for conditional class certification should be denied.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Plaintiffs are unable to establish the requirements necessary for conditional certification of a NYLL class action under Rule 23. Accordingly, the Plaintiffs' motion for conditional class action certification should be

denied in its entirety and this action should proceed with post-notice discovery of the conditionally certified collective action.

Dated: April 20, 2015
        Hauppauge, New York

THE SANTIAGO LAW FIRM, P.C.
By: Jose G. Santiago, Esq.
201 Moreland Road, Suite 10
Hauppauge, New York 11788
T: (631) 240-4355
F: (631) 406-4911

18